**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*

*One Pierrepont Plaza*

*Brooklyn, New York  11201*

*Mailing Address:*   147 Pierrepont Street
*Brooklyn, New York  11201*

February 16, 2005

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

              Re:   United States v. Venero Mangano
                   No. 90 CR 446 (RJD)

Dear Judge Dearie:

      We write in response to a January 21, 2005 letter of Murray Richman, Esq., counsel for defendant Venero Mangano, in which Mangano requests permission to bring an application to reduce his sentence pursuant to United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Fanfan, 125 S. Ct. 738 (2005), and requests bail pending the outcome of the application. Mangano was convicted of extortion and extortion conspiracy (18 U.S.C. § 1951(a)) and was sentenced principally to a 188-month term of imprisonment.  For the reasons set forth below, Mangano must seek leave of the Court of Appeals to file his petition, although under a recent decision of that Court such leave cannot be granted, and the motion for bail consequently should be denied.

      While Mangano does not set forth the provision of law upon which he will rely in seeking review of his sentence, it is clear that 28 U.S.C. § 2255 is the only means by which to do so. Under 18 U.S.C. § 3582(c), "[t]he court many not modify a term of imprisonment once it has been imposed," except in certain circumstances clearly not applicable here.[1]  Section 2255 provides that a federal prisoner "may move the court which

---

    [1]   These are where (1) the Bureau of Prisons has filed a motion for reduction of sentence (§ 3582(c)(1)(A)); (2) the modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure (§ 3582(c)(1)(B)); or (3) the defendant has been sentenced to imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission (§ 3582(c)(2)).

2

imposed the sentence to vacate, set aside, or correct the sentence," and prisoners generally must employ it to challenge a sentence. See, e.g., Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001) ("[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) [habeas corpus] to challenge a sentence as violating the Constitution or laws of the United States."); Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997) (§ 2255 channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement).

However, Mangano has already filed a Section 2255 petition, which was denied by order entered September 1, 1999. See Mangano v. United States, 98 CV 04970 (FB). Under the prohibition on successive petitions set forth in Section 2255, then, Mangano must seek leave of the Court of Appeals to file his petition in this Court; indeed, this Court is without jurisdiction even to deny a Section 2255 petition on the merits. See Corrao v. United States, 152 F.3d 188 (2d Cir. 1998) (vacating order denying successive § 2255 petition on merits because district court had no jurisdiction to entertain petition without petitioner's first obtaining leave of Court of Appeals). A petition by Mangano therefore could be entertained only if he obtained leave of the Court of Appeals. The Court of Appeals, however, has held that Booker claims do not fall within the exception to Section 2255's prohibition on successive petitions. See Green v. United States, 2005 WL 237204 (2d Cir. Feb. 2, 2005). Mangano therefore cannot present his Booker claim under Section 2255, and there is no other provision of law under which his claim is cognizable.

Mangano's request for bail should be denied. While bail may be granted pending determination of a habeas petition where the petition raises substantial claims and extraordinary circumstances are present, see Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir. 1981), for the reasons set forth above this standard is not met here.

          Respectfully submitted,

          Roslynn R. Mauskopf
          United States Attorney

By: _____
   Peter A. Norling
   Assistant U.S. Attorney

cc: Murray Richman, Esq.