

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*One Pierrepont Plaza*

*Brooklyn, New York  11201*

*Mailing Address:*   *147 Pierrepont Street*
*Brooklyn, New York  11201*

April 26, 2005

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: United States v. Venero Mangano
       No. 90 CR 446 (RJD)

Dear Judge Dearie:

  We write in response to an April 7, 2005 letter of Murray Richman, Esq., counsel for defendant Venero Mangano, in which he seeks Mangano's resentencing based upon his deteriorating health.  Mangano had sought this relief by letter dated January 21, 2005 in which he invoked the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005), but, at a March 22 conference, the Court indicated that Mangano had not established a jurisdictional basis for the Court to grant relief.  Mangano now offers Fed. R. Civ. P. 60(b)(6) as a basis, claiming that this provision gives the Court jurisdiction to reconsider the August 30, 1999 denial of Mangano's petition under 28 U.S.C. § 2255 by the Honorable Frederic Block, in Mangano v. United States, 98 CV 04970 (FB).  As we show below, Mangano's attempted recourse to Rule 60(b)(6) is unavailing.

  At the outset, because Mangano seeks reconsideration of an order of another judge of the Court, this matter should be transferred to that judge.  The proceeding under Section 2255 was assigned to Judge Block, who denied not only the petition but also two previous motions for reconsideration.  Rule 50.2(j) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rules for the Division of Business Among District Judges (Eastern District) states that "[a]ll proceedings in a case after assignment shall be conducted by the assigned judge . . ."  Mangano emphasizes that he is seeking reconsideration of the order denying the Section 2255 petition rather than attacking the judgment in the criminal case (see Letter of Murray Richman dated April 7, 2005 ("Letter"), at 2-4), but he inexplicably has brought his motion

before another judge of the Court, in violation of the local rule.

Mangano's choice reveals the true purpose of his submission, which is not, as he asserts, to attack the validity of the proceedings leading to the adverse determination of his Section 2255 petition but rather to seek a reduction of sentence that the Court has no jurisdiction to grant. As we demonstrated in our February 16, 2005 letter in response to Mangano's January submission, Mangano could not seek relief under Section 2255 for his Booker claim, because, as he had already filed a Section 2255 petition, leave of the Court of Appeals was required for him to file another petition. Relying on Rodriguez v. Mitchell, 252 F.2d 191 (2d Cir. 2001), Mangano asserts that leave is not required because he is not attacking the underlying judgment of conviction but rather the result of the Section 2255 proceeding. However, his half-hearted assault on that order under Rule 60(b)(6) must fail.

Under Rodriguez and its progeny, Gitten v. United States, 311 F.3d 529 (2d Cir. 2004), and Harris v. United States, 367 F.3d 74 (2d Cir. 2004), a Rule 60(b) motion is considered a true motion for reconsideration, rather than a disguised successive petition under Section 2255, only where it "attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris, 367 F.3d at 77. Moreover, "an attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'" Id. Finally, a motion under Rule 60(b)(6) must "be made within a reasonable time . . . after the judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(b); see also Rodriguez v. United States, 2005 WL 887142, *7 (S.D.N.Y. April 15, 2005).

In his Section 2255 petition Mangano brought two claims he now addresses in attacking the denial of the petition. He claimed that the Court's upward departure was erroneously predicated upon hearsay information of his involvement in certain offenses and that reversal of his conviction was necessary because of the government's purported violation of Brady v. Maryland, 373 U.S. 83 (1963), in the claimed suppression of potential impeachment information concerning government witness Alphonse D'Arco, specifically his baseless claim that Your Honor was beholden to organized crime figures. See Memorandum and Order (appended hereto), at 7-8, 12-14. As for the first, Judge Block found that the matter had been decided on appeal and that further consideration was therefore barred. Id. at 8. As for the second, Judge Block found that the information did not bear

upon D'Arco's credibility because he was only repeating an allegation he had heard without vouching for it and that in any event to the extent it could have impeached him it was merely cumulative. Id. at 12-13.

With respect to the departure, Mangano raises a new claim. He asserts that the departure was based upon information provided by D'Arco and that the allegations concerning D'Arco were not part of the appellate record. Letter at 4-5. From this he concludes that Judge Block improperly relied upon the resolution of the departure issue by the Court of Appeals, id. at 4, although Judge Block was addressing the claim raised in the original petition, not the claim now advanced by Mangano. With respect to the Brady violation, he simply takes issue with Judge Block's finding that the information was merely cumulative. Letter at 5-6. These claims are unavailing.

At the outset, Mangano's filing has hardly been made "within a reasonable time," as Rule 60(b)(6) requires. The order he attacks was issued on August 30, 1999, over five and one-half years ago. Mangano offers no excuse for his belated submission. The motion should be denied on this ground alone.

The motion fails on the merits, too. It relies entirely on the proposition that D'Arco's allegation was material to the conviction and to the sentence. However, Mangano offers no rebuttal to Judge Block's observation that, because D'Arco was simply reporting an allegation he had heard, it did not reflect upon his credibility at all. Moreover, assuming that the allegation did bear upon D'Arco's credibility, Judge Block correctly found that it was cumulative: indeed, the Court of Appeals recently held as much in an appeal brought from the denial of a petition by Frank Giacobbe, a defendant in a related case in which D'Arco would have been a witness. The Court held:

> [D]enial was entirely warranted because the motion lacks merit. The interviews report a claimed conversation between D'Arco and Neil Migliore, in which Migliore allegedly offered to attempt to influence a district judge concerning a then-pending criminal prosecution. Giacobbe claims that he was deprived of the opportunity to obtain the testimony of the district judge for use as impeachment material against D'Arco. D'Arco [sic] cannot show a "reasonable likelihood that disclosure of the evidence would have affected the outcome of [his] case." United

4

> States v. Rivas, 377 F.3d 195, 199 (2d Cir. 2004). D'Arco was subject to impeachment on numerous grounds known to Giacobbe, including D'Arco's involvement in murder and arson. His report of a conversation with Migliore would not have provided any significant basis for added impeachment, if it was impeaching at all.

Giacobbe v. United States, 2005 WL 851083 (2d Cir. April 14, 2005). Mangano cannot distinguish his case.

In short, Mangano's Rule 60(b)(6) motion is untimely and meritless.

Mangano's emphasis on his ill health reveals the true basis of the motion, which is to ameliorate the effects of incarceration on what he reports is his declining health. See Letter at 6-7. His concerns are better addressed to the Bureau of Prisons, which, under 18 U.S.C. § 3582(c)(1)(A)(i), may move for a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." By making this observation, however, we do not suggest that this office would agree to such a motion.

In sum, the motion should be transferred to the Honorable Frederic Block and denied by Judge Block; alternatively, Your Honor should deny the motion. For the same reasons Mangano's concomitant motion for bail should be denied.

Respectfully submitted,

Roslynn R. Mauskopf
United States Attorney

By: _____
Peter A. Norling
Assistant U.S. Attorney

Encl.

cc: Murray Richman, Esq.